UNITED STATES DISTRICT COURT AUG 20 PM 3:05
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO: 3:06CV-323-R

KEVIN N. GARDNER v. UNITED STATES OF AMERICA

# JURY INSTRUCTIONS

## INSTRUCTION NO. 1

Members of the jury, you have heard all of the evidence and the arguments of the attorneys, and it is my duty to instruct you on the law applicable in this case.

It is your duty as jurors to follow the law as stated in these instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.  The fact I have given an instruction on any issue does not mean you should find one way or the other as to that issue.

You are not to be concerned with the wisdom of any rule of law stated by the Court, and you must apply the law described in these instructions whether you agree with the law or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.  It is your own interpretation and recollection of the evidence that controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

## INSTRUCTION NO. 2

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the documents and exhibits that have been admitted, and the weight to be given to those materials.

You are also the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness. In determining the credibility of a witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

During the trial, the attorneys for each side have objected to evidence and testimony they believed was not properly admissible. I have ruled on the objections and have either admitted or excluded evidence and testimony based on the Federal Rules of Evidence, which are designed to ensure that the evidence and testimony presented to you is worthy of your consideration. If I sustained an objection to a question directed to a witness, or to an answer to a question, you must disregard the question or answer entirely, you may draw no inferences from the wording of the question, and you must not speculate as to what the answer might have been or consider what the witness said.

## INSTRUCTION NO. 3

In deciding the facts of this case you must not be swayed by bias or prejudice or sympathy or public opinions. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

## INSTRUCTION NO. 4

Your answer to any question must be unanimous.  That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

**INSTRUCTION NO. 5**
**Parties**

This is a civil case about social security and federal income taxes.  Specifically, plaintiff

Kevin Gardner sued the United States to challenge his personal liability for the social security

and income taxes withheld from the wages of the employees of two companies, eCorporation

LLC and eCorporation Holdings, LLC, that those companies then failed to pay to the United

States.  I may refer to these two companies together as "eCorporation."

Kevin Gardner seeks a determination that he is not liable for the taxes assessed against

him, and he seeks a refund of amounts he claims are owed to him.  The United States contends

that Kevin Gardner is liable for eCorporation's failure to pay over social security and income

taxes withheld from its employees, and has filed a counterclaim against Mr. Gardner for a

judgment of liability.

The Court may refer to Kevin Gardner as the "plaintiff," and to the United States as the

"defendant." You should not make any judgments about this case or the parties based on these

terms. The term plaintiff simply refers to a party who filed a lawsuit, while the term defendant

means a party who was sued.

**INSTRUCTION NO. 6**
**Relevant tax periods**

The Internal Revenue Service assessed against Kevin Gardner the social security and

federal income taxes eCorporation withheld from its employees and failed to pay to the United

States during the first, second, third, and fourth quarters of 2001.

Each year is divided into four quarters: the first quarter is from January 1st to March 31st;

the second quarter is from April 1st to June 30; the third quarter is from July 1st to September

30th; and the fourth quarter is from October 1st to December 31st.

This lawsuit involves all four quarters of the year 2001, and you will be asked to

determine Kevin Gardner's liability during each of those quarters.

**INSTRUCTION NO. 7**
**Civil case**

This is not a criminal case.  Kevin Gardner has not been charged with a crime and this case is not a criminal prosecution.  This is a civil lawsuit in which you will be asked to determine whether Kevin Gardner is personally liable for eCorporation's unpaid social security and federal income taxes.

**INSTRUCTION NO. 8**
**Statutory duty to withhold taxes and file quarterly returns**

Federal law requires employers to withhold social security and federal income taxes from employee wages and to pay those taxes to the United States.

For example, if an employee earns $500 per week, the law may require the employer to withhold $90 of federal income taxes and $10 of social security taxes. The employee would receive a paycheck of $400, and the employer would pay to the United States the $100 withheld from the employee.

Federal law also requires employers to file quarterly tax returns with the Internal Revenue Service to report the taxes that have been withheld from employee wages.

**INSTRUCTION NO. 9**
**Statutory duty to hold taxes in trust for the United States**

Federal law requires that employers hold taxes withheld from employee wages in a special trust for the United States. Because the taxes are held in trust for the United States, they are often called "trust fund taxes."

The taxes are also sometimes referred to as "withholding," "payroll," and "employment" taxes.

All of these terms refer to the social security and income taxes employers must withhold from employee wages and pay to the United States.

## INSTRUCTION NO. 10
### Nature of withheld taxes

Using trust fund taxes for any purpose other than paying the United States is improper.

Trust fund taxes are not simply a debt of an employer; they are part of the wages of the employee

held in trust for the United States.  These taxes are for the exclusive use of the United States and

are not to be used by the employer to pay business expenses, salaries, or for any other purpose.

**INSTRUCTION NO. 11**
**No recourse against employees**

Once an employer withholds social security and income taxes from an employee's wages, the United States credits the employee for the withheld taxes, whether or not the employer actually pays the taxes to the Internal Revenue Service.

The United States may not seek payment of the taxes directly from the employee.

Thus, if the employer does not pay, the taxes are lost to the United States even though it must treat the employee as if he or she paid the taxes.

**INSTRUCTION. NO. 12**
**Statutory remedy to ensure collection of trust fund taxes-26 U.S.C. § 6672**

Because the United States cannot seek the withheld held taxes from individual

employees, Congress passed a law to help ensure that trust fund taxes are not lost.  The law helps

the United States collect unpaid social security and income taxes by allowing the United States to

assess a "trust fund recovery penalty" against any person who was responsible for collecting,

truthfully accounting for, and paying over the taxes.  The law specifically provides that:

> [a]ny person required to collect, truthfully account for, and pay over any tax...who
> willfully fails to collect such tax, or truthfully account for and pay over such tax, or
> willfully attempts in any manner to evade or defeat any such tax or the payment thereof,
> shall...be liable to a penalty equal to the total amount of tax evaded, or not collected, or
> not accounted for and paid over.

The amount assessed may be equal to 100% of the unpaid social security and income taxes.

## INSTRUCTION NO. 13
### Elements of trust fund recovery penalty liability

Trust fund recovery penalty liability under 26 U.S.C. § 6672 has two elements:
(1) responsibility and (2) willfulness.

You must first decide whether Kevin Gardner was a person "responsible" for collecting, truthfully accounting for, and paying over the social security and income taxes eCorporation was required to withhold from employee wages during any of the four quarters of the year 2001.

If you decide that Kevin Gardner was a responsible person during any of the four quarters of 2001, you must then decide whether, during those quarters, he willfully failed to perform his duties.

I will first explain to you what it means to be a responsible person, and will then address willfulness.

**INSTRUCTION NO. 14**
**Test for determining responsibility**

The test for determining responsibility is a functional one, focusing on the degree of influence and control which the person exercised over the financial affairs of the company and, specifically, disbursements of funds and the priority of payments to creditors.

To be deemed a responsible person, it is not necessary that the person have the final word or absolute control over company finances. Rather, it is sufficient that the person have "significant" control over the disbursement of funds.

Several factors may be looked at to determine whether a person was a responsible person under § 6672, including:

(1) The duties of the officer as outlined by the corporate by-laws;

(2) The ability of the individual to sign checks of the corporation;

(3) The identity of the officers, directors, and shareholders of the corporation;

(4) The identity of the individuals who hired and fired employees; and

(5) The identity of the individuals who were in control of the financial affairs of the corporation.

The term responsible person includes any person who is connected or associated with the corporation-employer in such a manner that he has the power to see that the taxes are paid, or the power to make final decisions concerning the corporation, or the power to determine which of the corporation's creditors are to be paid and when they are to be paid. The term responsible person may include corporate officers, employees, members of the board of directors or stockholders, or consultants. The meaning of the term responsible person is broad and is not limited to the person who actually prepares the payroll checks or the tax returns. One may be a

responsible person although he is not authorized to draw checks for the corporation, so long as he has the power to decide who will receive the corporate funds. In other words, the responsible person is any person who can effectively control the finances of the corporation, or determine which of the corporation's bills should or should not be paid.

These factors are not exclusive, and the presence or absence of any single factor is not conclusive.

More than one person can be deemed a responsible person within a corporation.

**INSTRUCTION NO. 15**
**Test for determining willfulness**

Trust fund recovery penalty liability requires that a responsible person, as defined in Instruction No. 14, engaged in willful conduct.

The term willfully means that the act of failing to pay over the taxes was voluntarily, consciously and intentionally done. If the responsible person consciously, voluntarily and intentionally used, or caused to be used, the funds that were withheld to pay taxes for some other purpose, then he has acted willfully. It is not necessary to find that the plaintiff had bad motives. It must only be shown that the plaintiff made the deliberate choice to use the funds in some way other than to pay the Government. Therefore, you must find that the plaintiff acted willfully in failing to see that the withheld taxes were paid if you find that at a time when withheld taxes were due, the responsible person used the funds in any way other than paying the Government, including paying suppliers, employees' net take home salaries, the responsible person's own salary, rent, or any other creditor.

Further, a responsible person's failure to pay over taxes is willful if that person at least recklessly disregarded facts and known or obvious risks that the taxes were not being paid, such as by failing to investigate or to correct mismanagement after being notified that withholding taxes have not been duly remitted.

**INSTRUCTION NO. 16**
**Burden of Proof**

As you deliberate, you must keep in mind where the law places the burden of proof in this case.

Under our federal system of taxation, the Internal Revenue Service is charged with the duty of determining and assessing tax liabilities. An assessment by the Internal Revenue Service is presumed to be correct, and a certified record of assessment is proof of that a valid tax assessment has been made.

In this case, the United States has introduced certified records of the assessments against Kevin Gardner. You must presume that the assessments are correct and that Kevin Gardner was a responsible person who willfully failed to collect, truthfully account for, and pay over the social security and federal income taxes eCorporation was required to withhold from employee wages during the first, second, third, and fourth quarters of 2001.

To avoid liability, Kevin Gardner must rebut these presumptions and prove that the assessments against him are incorrect. In other words, Kevin Gardner has the burden of proof in this case. To prevail, Kevin Gardner must prove to you by a preponderance of the evidence that he is not liable for the trust fund taxes the Internal Revenue Service assessed again him.

A preponderance of the evidence is established if you are persuaded a fact is more probably true than not. In other words, think of an ordinary balance scale, with a pan on each side. On one side of the scale, place all the believable evidence favorable to Kevin Gardner. On the other side, place all of the believable evidence favorable to the United States.

To meet his burden, Kevin Gardner must prove to you that he was not a responsible person of eCorporation or that he did not willfully fail to pay over the social security and income

taxes the company withheld from employee wages during the four quarters of 2001.

You must evaluate Kevin Gardner's liability on a quarter-by-quarter basis, and you may determine that he is liable for some, none, or all of the quarters at issue.

Because Kevin Gardner must prove his case, he may recover against the United States only if he tips the scale in his favor.  If you conclude that the evidence is equally balanced or that it favors the United States, you must decide in favor of the United States.

**INSTRUCTION NO. 17**
**Use of Notes**

Now I would like to say something about the notes you may have taken at trial.  Your notes should be used only as memory aids.  You should not give your notes precedence over your independent recollection of events.  If you have not taken notes, you should rely on your own, independent recollection of the proceedings, not by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony was.  Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that an official court reporter has been making a record of the trial.  We will not, however, have typed transcripts of this record available for your use in reaching a decision in this case.

## INSTRUCTION NO. 18
### Deliberation

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your

own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

## INSTRUCTION NO. 19
### Use of special verdict interrogatories

You will take to the jury room a set of special verdict interrogatories, which are questions you will answer in writing in order to render your verdict.  Your answers to these questions will determine the outcome of this case.